HAROVER, APPELLANT, *v.* CITY OF NORWOOD ET AL., APPELLEES.

[Cite as Harover *v.* Norwood (1989), 47 Ohio St. 3d 607.]

(No. 88-1466—Submitted October 10, 1989—Decided November 15, 1989.)

608

*Stewart R. Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Siebold & Hammelrath Co., L.P.A.,* and *W. Smith Hammelrath,* for appellant.

*Frances S. Lah,* assistant law director, for appellee city of Norwood.

*Anthony J. Celebrezze, Jr.,* attorney general, *Merl H. Wayman* and *Michael L. Squillace,* for appellees Administrator, Bureau of Workers' Compensation and Industrial Commission.

This appeal is dismissed, *sua sponte,* as having been improvidently allowed.

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. This case concerns the definition of "injury" under the Workers' Compensation Act. It is an important issue, given past and current legislation, and considering past, and especially recent cases, both from this court and various courts of appeals, on the question.

The case involves a claim, by an employee, for injury which occurred prior to August 22, 1986. Claimant sought allowance of the claim on the basis that stress brought about by employment caused a psychiatric condition. Claimant was a police officer and since the facts in the case were stipulated, there was no dispute that the claimant's employment caused the alleged psychiatric condition.

The definition of "injury" is found in R.C. 4123.01(C). That definition contains the language, " '[i]njury' includes any injury * * *." The question to be answered in this case is whether a psychiatric condition is an "injury."

Since I would decide the case on the merits, I respectfully dissent from the majority's decision to dismiss the case as having been improvidently allowed.

SWEENEY, J., concurs in the foregoing dissenting opinion.